UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIANA ESPARZA, | Case No. 12-cv-565-L(BLM) |
| Appellant, | Bankruptcy No. 11-15905-PB7 |
| v. | **ORDER AFFIRMING BANKRUPTCY COURT DECISION** |
| RICARDO PEDRO ROBLEDO, *et al.*, | |
| Appellees. | |

Pending before the Court is Appellant and Creditor Liliana Esparza's appeal of the bankruptcy court's decision denying her motion for an extension of time to file a complaint to determine non-dischargeability of her claims under 11 U.S.C. § 523. The parties have fully briefed the issue presented to the Court.

The Court found this appeal suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). (Doc. 21.) For the following reasons, the Court **AFFIRMS** the bankruptcy court's decision.

//
//
//

## I. BACKGROUND[1]

Appellee and Debtor Ricardo Pedro Robledo[2] owns a taco shop in San Diego, California operating under the name "Roberto's Taco Shop." (B 119.) Ms. Esparza was employed at this San Diego taco shop location. On October 7, 2010, Ms. Esparza filed a complaint in the San Diego Superior Court, alleging causes of action for failure to pay overtime, failure to pay wages, failure to pay reimbursement, meal and rest period violations, failure to pay wages upon termination, failure to maintain time records, failure to provide itemized statements, unfair business practices, and sexual harassment. (B 41.) Thereafter, on September 26, 2011, Appellees filed for Chapter 7 relief. (*Id.*)

### A.   Ms. Esparza's Motion for an Extension of Time

On December 19, 2011, Ms. Esparza filed a "Motion to Extend Deadline to File Motion to Dismiss Pursuant to 707(b) and to File Adversary Complaint Pursuant to FRBP 4004(b) and 4007(c)." (B 40–46.) Relying on Federal Rules of Bankruptcy Procedure 4004(b) and 4007(c) as well as *In re Sturgis*, 46 B.R. 360 (Bankr. W.D. Okla. 1985), Ms. Esparza argued

> Movant [Ms. Esparza] hired counsel to pursue her claims in Bankruptcy Court and needs more time to "clarify [her] position on any objections" against the Debtors. In light of some of the proposed amendments to Schedules B, C, I and J and some allegations regarding his financial situation that Debtor made during the §341(a) Meeting of Creditors held on November 30, 2011, Movant will need to discuss with her counsel the contents of such amendments when such amendments are filed with the Court and the allegations Debtor made at that hearing. Movant's counsel will need additional time to analyze Debtor's financial situation. [¶] Thus, Movant should be granted an extension to file a motion to dismiss and an adversary proceeding so she may discuss with her counsel the option of objecting to Debtor's discharge once Debtors file these proposed amendments to Schedules.

(B 42–43.) In the same motion, Ms. Esparza continued

---

[1] Though the Record on Appeal has been transmitted from the bankruptcy court, the parties have chosen to re-attach the pertinent portions of the record to their briefs. References to those portions of the record are designated as "B" followed by a page number. This identification system appears to be mutually accepted, thus the Court will also use that system when referring to the record.

[2] Maria Elena Robledo is also an appellee and debtor.

> [T]he extension for the time period of until January 30, 2012 is a reasonable amount of time for Movant to consult with counsel on her position on any objections against the Debtors and is not prejudicial to the Debtors because the Debtors have yet to file their proposed amendments to Schedules B, C, I and J with the Court. Further, the Chapter 7 Trustee and the United States Trustee have extended the deadline to object to Debtors' discharge to the same date of January 30, 2012 given Debtor's allegations and proposals for amendment of Schedules at the §341(a) Meeting of Creditors held on November 30, 2011. In fact, the Debtors would be more prejudiced to have to defend a precipitated adversary proceeding complaint filing containing a laundry list of claims when many of the claims may not even be necessary after Movant's counsel examines Debtor's financial situation when Debtors file the proposed amendment to Schedules. [¶] Court administration is not impacted because, as mentioned above, the Chapter 7 Trustee and the United States Trustee have both extended the deadline per the Stipulation to the same date of January 30, 2012 that Movant is requesting. [¶] Therefore, Movant has "cause" to extend the deadline to file a motion to dismiss pursuant to §707(b) and to file her adversary proceeding complaint pursuant to FRBP 4004(b) and 4007(c) and Movant's motion to extend the deadline should be granted.

(B 43.)

On February 6, 2012, the bankruptcy court held a hearing for Ms. Esparza's motion. (B 95.) During the hearing, Ms. Esparza's counsel reiterated many of the same points argued in the motion, but also emphasized that the important issue is whether the debtors have been prejudiced. (B 98–102.)

**B.    Bankruptcy Court Decision**

During the hearing held on February 6, 2012, the bankruptcy court addressed Ms. Esparza's arguments and issued an order from the bench denying her motion. Before concluding that Ms. Esparza's motion will be denied, the bankruptcy court provided its reasoning by addressing each argument put forth by Ms. Esparza's counsel during the hearing.

In response to Ms. Esparza's contention that she needed more time for her counsel to examine the proposed changes to Debtors' Schedules to determine "whether it's even worth pursuing these claims if the debtor is not making any money," the bankruptcy court explained

//
//
//

> Well, I think that's too little too late. [She] had 60 days from the first date set for the Meeting of Creditors; so it gave you, roughly, 90 days from the filing of the petition. You had an opportunity to do a 2004 exam if you're looking for assets. [¶] I don't disagree with the practicality of saying I want to find out if this is a dry hole before I invest a bunch of effort and money into trying to tap it. But that's not what the law provides. The law provides a narrow window within which to commence a §523. And if it's under A(2), A(4) or A(6), you've got to bring it within that period of time; 60 days from the first date set for the Meeting of Creditors or it's gone. And asking this Debtor to agree to additional time to expose itself to a § 523 claim that you want to assert, that's prejudice in itself. How could they do that in their own interest? That's an oxymoron in that sense. [¶] And so I agree that the amendments to schedules and that sort of thing are not a basis for a §523 extension of time. And to that extent, I would deny your motion.

(B 99–100.)

The bankruptcy court also addressed Ms. Esparza's emphasis on whether there is any prejudice to Debtors:

> No, [prejudice is] not the issue. [¶] The issue—but at least a piece of that issue is proven, established by the fact that here you are out of time, wanting to seek a non-dischargeability proceeding which, if successful, will oblige this debtor to make payments to a particular creditor after the debtor gets a discharge and had this filed after everybody else is precluded from doing it, everybody else is barred, and they don't get their fresh start, all because it's after time. But no prejudice? It's prejudice by definition. [¶] So I find that there is prejudice to the debtor to the extent that that's essential for purposes of denying it. But I find that it's implicit within the notion of asking for an enlargement of time to seek a non-dischargeability against the debtor.

(B 100–01.)

Following the aforementioned findings by the bankruptcy court, Ms. Esparza then argued that the extension of time requested is reasonable because it is less than thirty days. (B 101.) Regarding that argument, the bankruptcy court responded

> No, not for the reason that you were talking about. The schedules don't give you some new reason in terms of whether it was an act that would have been non-dischargeable. That had to have occurred pre-petition. That act had to have occurred pre-petition. [¶] Your decision was a pragmatic one or client's decision was a pragmatic one of do we want to chase after this pot of gold at the end of the rainbow without finding out whether there's anything there. And that's a pragmatic decision. But that's not tied to when the claim arose and not tied to the time you had and the opportunity you had to do something about it. [¶] So the motion will be denied.

(B 101.)

//

Ms. Esparza continued further, arguing that as a court of equity, "efficiency is a great factor for creditors, too." (B 101–02.)  The bankruptcy court quickly dismissed that issue as one that is not appropriate for the bankruptcy court, but rather appropriate for Congress.  (B 102.)

Finally, Ms. Esparza directed the bankruptcy court's attention to the extensions of time that were granted for the Chapter 7 Trustee and the United States Trustee, which the bankruptcy court again quickly dismissed on the grounds that their extensions were granted under § 727, which they applied for and got before their time ran, and not § 523.  (B 102.)

### C.  Subsequent Procedural History

On March 6, 2012, Ms. Esparza filed her notice of appeal.  Thereafter, the Court issued a scheduling order notifying the parties that the Court was to receive the Record on Appeal no later than April 9, 2012.  The record was not received by that date, so the Court issued an Order to Show Cause why the appeal should not be dismissed in light of Ms. Esparza's failure to comply with the scheduling order.  Eventually, the Court issued a new scheduling order, and the parties fully briefed the issue on appeal. (Docs. 17, 18, 20.)

## II.  STANDARD OF REVIEW

A district court has jurisdiction to hear bankruptcy appeals.  28 U.S.C. § 158.  "On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."  Fed. R. Bankr. P. 8013.  When considering an appeal from the bankruptcy court, a district court uses the same standard of review that a circuit would use in reviewing a decision of a district court.  *See In re Baroff*, 105 F.3d 439, 441 (9th Cir. 1997).  Consequently, the district court reviews *de novo* the bankruptcy court's conclusions of law, and reviews for clear error the bankruptcy court's findings of fact.  *In re Int'l Fibercom, Inc.*, 503 F.3d 933, 940 (9th Cir. 2007).

"Whether circumstances . . . justif[y] a trial court granting relief from the bar date is reviewed under the abuse of discretion standard."  *In re Lopez*, 192 B.R. 539, 543 (9th Cir. BAP

1996) (citing *In re Anwiler*, 958 F.2d 925, 929 (9th Cir. 1992)).  A bankruptcy court abuses its discretion when its decision is "based on an erroneous conclusion of law or when the record contains no evidence on which [the court] rationally could have based that decision."  *See In re Conejo Enters.*, 96 F.3d 346, 351 (9th Cir. 1996) (internal quotation marks omitted).

### III. ISSUE ON APPEAL

The sole issue on appeal is whether the bankruptcy court erred in denying Ms. Esparza's motion to extend time to file a complaint to determine non-dischargeability of her claims under 11 U.S.C. § 523.

### IV. DISCUSSION[3]

As a general rule, the court will not consider arguments that are raised for the first time on appeal.  *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999); *see also In re E.R. Fegert, Inc.*, 887 F.2d 955, 957 (9th Cir. 1989).  Before an argument will be considered on appeal, "the argument must be raised sufficiently for the trial court to rule on it," or fall within one of the "narrow exceptions" to the general rule that an issue may not be raised for the first time on appeal.  *Sofamor Danek Grp., Inc. v. Brown*, 124 F.3d 1179, 1186 n.4 (9th Cir. 1997).  An exception exists if: (1) there are "exceptional circumstances" why the issue was not raised in the trial court, (2) the new issue arises while the appeal is pending because of a change in the law, or (3) the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court.  *United States v. Carlson*, 900 F.2d 1346, 1349 (9th Cir. 1990) (citing *United States v. Rubalcaba*, 811 F.2d 491, 293 (9th Cir. 1987); *Bolker v. Comm'r of Internal Revenue*, 760 F.2d 1039, 1042 (9th Cir. 1985); *United States v. Patrin*, 575 F.2d 708, 712 (9th Cir. 1978)).  That said, the court may consider any issue supported by the record, even if the lower court did not consider it.  *In re E.R. Fegert*, 887 F.2d

---

[3] As Appellees point out, Ms. Esparza applies the incorrect standard of review in her opening brief.  She applies the *de novo* standard. (Opening Br. 5.) Ms. Esparza then applies the correct abuse-of-discretion standard of review in her reply brief. (Reply Br. 8–9.)

at 957.

The linchpin of Ms. Esparza's appeal is her contention that Debtors' dishonesty and bad faith adequately show good cause to justify granting their request for an extension of time. (Opening Br. 7–9, 11–12; Reply Br. 3, 10–11.)  However, Ms. Esparza raises the issue of Debtors' dishonesty and bad faith for the first time on appeal.  And though she raises the issue for the time on appeal, she does not argue that the issue falls within any of the narrow exceptions above.  *See Carlson*, 900 F.2d at 1349.  For this reason, the Court will not consider the issue raised for the first time on appeal.  *See Smith*, 194 F.3d at 1052.

Giving Ms. Esparza the benefit of the doubt, the Court nonetheless reaches the same conclusion even after scouring the record to examine whether the issue is supported by the record despite Ms. Esparza's failure to raise the issue first before the bankruptcy court.  *See In re E.R. Fegert*, 887 F.2d at 957.  Ms. Esparza fails to direct the Court to any portion of the record which shows that Debtors engaged in any dishonesty or bad faith.  Looking beyond that, there is also  no mention of any dishonesty or bad faith in Ms. Esparza's motion requesting the extension of time, and no mention during the hearing before the bankruptcy court.  (*See* B 40–46, 95–103.)  In fact, the Court was unable to locate the use of the word "dishonesty" or phrase "bad faith" in any of the over one hundred pages of the record.  Consequently, even overlooking Ms. Esparza raising the issue for the first time on appeal, the Court cannot conclude that the new issue is supported by the record.  *See In re E.R. Fegert*, 887 F.2d at 957.

Lastly, Ms. Esparza also argues that there is no prejudice to Debtors if an extension is granted, and states that she has diligently pursued her possible claims. (Opening Br. 9–11.)  It is unclear what the purpose of the latter statement is because Ms. Esparza fails to provide any legal analysis that demonstrates diligent pursuit is pertinent in any way. (*See id.*)  Moving on to her prejudice argument, Ms. Esparza bases her argument on two grounds: (1) Debtor's provision of "false information" negates any prejudice that may be borne by Debtors, and (2) the extension of time granted to the Chapter 7 Trustee and the United States Trustee demonstrates that an extension would not prejudice Debtors.  As discussed above, the record does not support Ms. Esparza's first ground because there is no mention of any dishonesty or bad faith anywhere in

the record.  Addressing Ms. Esparza's second ground, the bankruptcy court unequivocally explained that the second ground is inadequate because their extension involved § 727 only, and they timely made their request.  However, Ms. Esparza's request involves § 523.  The bankruptcy court was clear that *no one* was granted any extension for § 523.  Ms. Esparza wholly fails to address this distinction.  Also, though Ms. Esparza does not make this argument, there is also nothing in the record that shows any disparate treatment by the bankruptcy court between Ms. Esparza and the trustees.  Therefore, Ms. Esparza's argument addressing prejudice lacks merit.

In sum, the Court concludes that Ms. Esparza fails to show that the bankruptcy court abused its discretion in any way.  *See In re Lopez*, 192 B.R. at 543.

## V.  CONCLUSION & ORDER

In light of the foregoing, the Court **AFFIRMS** the bankruptcy court's decision denying Ms. Esparza's motion for an extension of time to file a complaint to determine non-dischargeability of her claims under 11 U.S.C. § 523.

**IT IS SO ORDERED.**

DATED: February 21, 2013

                                         M. James Lorenz
                                         United States District Court Judge

COPY TO:

HON. BARBARA LYNN MAJOR
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL